Mr. Bill Hardin State Drug Director #1 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Mr. Hardin:
This is in response to your request for an opinion on three questions involving the forfeiture of property under A.C.A. § 5-64-505. Specifically, the first two questions you pose arise from the forfeiture of $3,166,184.00 in cash seized in Crittenden County on March 7, 1998. You state that the prosecuting attorney in Crittenden County currently holds the funds. Your two questions relating to these funds are as follows:
 1. Is the interest earned on the forfeited amount prior to its deposit into the State Treasury the property of the County or of the State?
 2. Is it legal for the Crittenden County prosecuting attorney to withhold any prosecution expenses of any kind from these funds before paying them into the State Treasury?
You also pose the following third question:
 3. Is the interest earned on any forfeiture amount prior to its deposit into the State Treasury the property of the County or State?
Question 1 — Is the interest earned on the forfeited amount prior to itsdeposit into the State Treasury the property of the County or of theState?
In my opinion it is immaterial whether the interest earned on the $3,166,184.00 belongs to the County or to the State. The applicable law provides, in the case of such forfeitures, that after the payment of certain claims and expenses, "[a]ny balance over two hundred fifty thousand dollars ($250,000) shall be forwarded to the Department of the Arkansas State Police to be transferred to the State Treasury for deposit in the Special State Assets Forfeiture Fund for distribution as provided in subsection (1)." A.C.A. § 5-64-505 (k)(2)(iv) (Repl. 1997).[1] The remaining funds under two hundred and fifty thousand dollars are distributed proportionally so as to reflect the contribution of the appropriate local or state law enforcement agency's participation in the activities that led to the forfeiture. A.C.A. § 5-64-505 (k)(2)(iii) (Repl. 1997).
Thus, according to the applicable statute, any amount over $250,000 is to be forwarded to the State Treasury. Any amount under $250,000 is retained in the prosecutor's special asset forfeiture fund to be distributed to the relevant law enforcement agencies. Under these provisions, after the deduction of certain claims and expenses, only $250,000 may be retained at the local level. It is immaterial whether this sum is made up of interest or principal. This lump sum amount is all the local fund retains. Any amount over $250,000 is transferred to the State Treasury. In my opinion, the funds must be distributed in accordance with the applicable statute, and that statute does not provide for any separation of the interest from the principal prior to the distribution according to law.[2]
Question 2 — Is it legal for the Crittenden County prosecuting attorneyto withhold any prosecution expenses of any kind from these funds beforepaying them into the State Treasury?
To the extent your question refers to the $3,166,184.00, in my opinion the answer is "yes." Certain claims and expenses come "off the top" of the forfeited amount, prior to the distribution as between the State Treasury and the local fund. Subsection (k)(2) of A.C.A. § 5-64-505
(Repl. 1997) provides as follows:
 (2) The attorney for the state shall administer expenditures from the fund. The fund is subject to audit by the Division of Legislative Audit. Moneys in the fund must be distributed in the following order:
(i) For satisfaction of any bona fide security interest or lien;
 (ii) For payment of all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising, and court costs; and
 (iii) Any balance under two hundred fifty thousand dollars ($250,000) shall be distributed proportionally. . . .
 (iv) Any balance over two hundred and fifty thousand ($250,000) shall be forwarded . . . to the State Treasury. . . .
A.C.A. § 5-64-505 (k) (Repl. 1997) (Emphasis added).
In my opinion therefore, the answer to your second question is "yes."
Question 3 — Is the interest earned on any forfeiture amount prior to itsdeposit into the State Treasury the property of the County or State?
I am uncertain as to whether your question refers only to forfeitures in excess of two hundred and fifty thousand dollars or to all forfeitures of cash, regardless of amount. There are only two ways the "State Treasury" is implicated in this question. The "Special State Assets Forfeiture Fund" in the State Treasury only comes into play with forfeitures in excess of $250,000. Again, with respect to amounts in excess of two hundred and fifty thousand dollars, the question is immaterial. See
A.C.A. § 5-64-505 (i)(B)(iii) and (iv) (Supp. 1999). After the payment of expenses, the local fund retains 250,000 and the rest is forwarded to the State Treasury. The only other transfer of local forfeiture funds to the State Treasury occurs when the $20,000 threshold per county is met, and twenty percent of any additional forfeiture proceeds after that point are forwarded to the "Crime Lab Equipment Fund" in the State Treasury. This procedure may occur in such a timely manner as to render the question regarding interest of little consequence. In the event you do question the proper distribution of interest proceeds in this scenario, however, I will note that the applicable statute provides that after the threshold is met, "twenty percent of any additional moneys forfeited . . . shall be deposited in the State Treasury. . . ." This language appears to require the local authorities to transmit only twenty percent of the actual "moneys forfeited." It does not appear to contemplate that any interest on this amount will be forwarded to the State Crime Lab Equipment Fund.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This language arises from the applicable statute prior to its 1999 amendment. Because the forfeiture of funds to which you refer occurred prior to the effective date of the 1999 act, previous law is applicable to the forfeiture in question. See Op. Att'y Gen. 99-282.
[2] It has been held in analogous contexts that unless lawfully separated from principal, the interest follows and remains with the principal. See, e.g., Miles v. Gordon, 234 Ark. 525, 353 S.W.2d 157
(1962).